ALONSO RIERA & Co., INC., Plaintiff and Appellant, *v.* TORIBIO ABRUÑA GONZÁLEZ, Defendant; ROSES & Co., SUCCRS., Intervener and Appellee.

No. 4610. Argued January 22, 1930.—Decided July 30, 1930.

*López de Tord & Zayas Pizarro* for appellant.  *Félix Santoni* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

An attachment was presented for record in the registry of property August 19, 1927, and recorded September 13. A mortgage on the attached property, executed August 22, was presented for record August 27, and recorded September 17.

On November 30, the property in question was sold under execution to satisfy a money judgment obtained by the attaching creditor, Alonso Riera & Company, against the attachment debtor.

On December 20, Alonso Riera & Company, who were also the purchasers at the marshal's sale, moved for an order directing the registrar of property to cancel the record entry concerning the mortgage. This motion was denied on the ground that the mortgagees, Roses & Co., Succrs., had not been notified of the marshal's sale, nor had their day in court.

Later, on motion for rehearing, the district court set aside the order last mentioned, and issued an order to show cause why the record entry should not be canceled.

On the day set for a hearing Roses & Co., Succrs., appeared, and moved for a continuance. The motion was granted and another day was fixed. At the second hearing Roses & Co., Succrs., did not appear. Plaintiff offered to submit the question by brief. The court ordered that a copy of the brief be served on Roses & Co., Succrs., and gave it five days in which to reply. Both briefs were filed.

Thereafter the court ratified and reaffirmed its original ruling.

No question was raised by Roses & Co., Succrs., in the court below as to the propriety of proceeding by motion instead of bringing an independent action, and no such question has been raised by them as appellees.

The theory of the district judge was that notice of the execution sale should have been served on Roses & Co., Succrs., and that, in the absence of such notice, the attached property must be deemed to have been sold subject to the mortgage lien. That is also the theory of appellee. We can not concur in this view.

When Roses & Co., Succrs., took from the attachment debtor a mortgage on the attached property, it had constructive notice of the attachment, and of the pendency of the action in which the mortgagor was a defendant. Presumably it had further notice of these facts when the registrar returned the mortgage, with his endorsement thereon, after recording it. The title of the purchaser at the execution sale related back to the date of the levy. The attachment lien took priority over that of the mortgage. If the attachment was valid, and if the proceedings subsequent thereto were regular, the purchaser at the execution sale took his title to the attached property free from all encumbrances. Appellee does not question the validity of the attachment, nor, save as above indicated, allege any defect or irregularity in the subsequent proceedings. There is no statutory provision, nor is there any principle of law, which requires that actual notice of an execution sale be given to a junior lien holder in a case of this kind.

The cases relied upon by the court below, and by appellee, are not in point. They are *Montes de Oca* v. *Báez, et al.* 23 P.R.R. 656; *Suc. of Orcasitas et al.* v. *A. M. Somoza & Co.,* 27 P.R.R. 462; *González Calderón & Co.* v. *Córdova Dávila,* 25 P.R.R. 627; *Alayón* v. *Registrar,* decided on June 2, 1900; *Mengell* v. *Registrar,* 31 P.R.R. 320; *Bestard et al.* v. *Serrallés,* 27 P.R.R. 456, 462.

Appellee also suggests that the appeal should be dismissed upon the authority of *Del Rosario* v. *Allende,* 35 P.R.R. 440, and cases cited. In the instant case, the order appealed from is not an order overruling a motion for rehearing. The mo-

tion for rehearing was not denied, but granted. The original order refusing to direct a cancellation of the entry in the registry of property was set aside, and an order to show cause was issued. After a hearing on the order to show cause, the original order previously set aside was re-entered. The order so made was either a final judgment or was a "special order made after final judgment" within the meaning of section 295 of the Code of Civil Procedure, and was, therefore, appealable.

. The order appealed from will be reversed, and the cancellation ordered.

Mr. Justice Texidor took no part in the decision of this case.